

No. 11–0675/AR. U.S. v. Cassandra M. Riley. CCA 20100084. Appellant's motion to attach affidavit is denied.

No. 12–6001/AF. U.S. v. Scott M. Dease, Jr. CCA 2011–04. Appellant's motion for a stay of proceedings is granted.

Tuesday, November 15, 2011

No. 11–0675/AR. U.S. v. Cassandra M. Riley. CCA 20100084. Review granted on the following issues:

I. WHETHER IN LIGHT OF THIS COURT'S RECENT DECISION IN *UNITED STATES v. FOSLER*, THE SPECIFICATION OF THE CHARGE FAILED TO STATE AN OFFENSE UNDER ARTICLE 134.

II. WHETHER APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HER TRIAL DEFENSE COUNSEL FAILED TO IN-FORM HER THAT SHE WOULD HAVE TO REGISTER AS A SEX OFFENDER AFTER PLEADING GUILTY.

III. WHETHER APPELLANT'S GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY BECAUSE APPELLANT DID NOT KNOW THAT AFTER PLEADING GUILTY SHE WOULD HAVE TO REGISTER AS A SEX OFFENDER, AND THE MILITARY JUDGE ABUSED HER DISCRETION WHEN SHE ACCEPTED APPELLANT'S UNKNOWING AND INVOLUN-TARY PLEA WITHOUT ASKING THE TRIAL DEFENSE COUNSEL IF SHE HAD INFORMED APPELLANT OF THE APPLICABLE SEX OF-FENDER REGISTER REQUIREMENTS.

The decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry and consideration of the granted issues. The Court of Criminal Appeals will obtain affidavits from the trial defense counsel that respond to Appellant's allegation of ineffective assistance of counsel. Under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2006), the Court of Criminal Appeals shall review the ineffective assistance of counsel issue in light of the affidavits and any other relevant matters. *See United States v. Ginn,*

47 M.J. 238 (C.A.A.F. 1997). If the court determines that a fact–finding hearing is necessary, that court shall order a hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967). Once the necessary information is obtained, the court will complete its Article 66(c), UCMJ, review. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2006), shall apply. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

BAKER, Chief Judge (dissenting): With respect to Issue I, I adhere to my dissent in *Fosler*, where I specifically addressed the issue of kidnapping. *United States v. Fosler*, 70 M.J. 225, 244–45 (C.A.A.F. 2011).

No. 12–0082/AF. U.S. v. Steven D. Harris, Jr. CCA S31822. Review granted on the following issue:

> WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S OPINION IN *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

The decision of the United States Air Force Court of Criminal Appeals is vacated. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the granted issue in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

BAKER, Chief Judge (dissenting): I dissent for the reasons stated in my dissenting opinion in *United States v. Fosler*, 70 M.J. 225, 240–47 (C.A.A.F. 2011).

No. 11–0258/MC. U.S. v. Travis J. Westhoven. CCA 201000132. Review granted on the following issue:

> WHETHER, IN LIGHT OF *UNITED STATES v. MCMURRIN*, 70 M.J. 15 (C.A.A.F. 2011), AND *UNITED STATES v. MORTON*, 69 M.J. 12 (C.A.A.F. 2010), APPELLANT'S GUILTY PLEA TO AN OFFENSE NOT NECESSARILY INCLUDED IN THE CHARGED OFFENSE CAN BE AFFIRMED UNDER *UNITED STATES v. WILKINS*, 29 M.J. 421 (C.M.A. 1990).

Briefs will be filed under Rule 25.

No. 11–0675/AR. U.S. v. Cassandra M. Riley. CCA 20100084. [See also APPEALS–SUMMARY DISPOSITIONS this date.]

No. 12–0082/AF. U.S. v. Steven D. Harris, Jr. CCA S31822. [See also APPEALS–SUMMARY DISPOSITIONS this date.]